UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 19 BK 30761 |
| LINORA GONZALEZ, | Chapter 13 |
| Debtor. | Judge: Hon. Jack B. Schmetterer |

## MEMORANDUM DECISION

### BACKGROUND

Property taxes for certain tax years were not paid for the property located at 126 Bohland Avenue, Bellwood, Illinois (the "Property"). On April 4, 2017, William J. Mark ("Creditor") purchased those taxes. The original period of redemption would have expired on October 9, 2019, but Creditor extended the period of redemption to October 30, 2019.

Unbeknownst to Creditor, Debtor filed for bankruptcy on October 29, 2019. In her Schedule A, Debtor did not claim any interest to the Property and answered "No" to the question "Do you own or have any legal or equitable interest in any residence, building, land, or similar property?" But, in her Schedule B, Debtor answered "Yes" to the question "Any interest in property that is due you from someone who has died" and lists the Property in question. [Dkt. No. 19]. In her Response, Debtor provides that while she is not on the title of the Property, she has a sufficient interest in the Property as the daughter-heir of the record owner, with a statutory right to redeem the property under Illinois law. [Dkt. No. 89].

On January 22, 2020, the Cook County Circuit Court (the "State Court") issued an order directing the issuance of a tax deed. On the same day, the tax deed was recorded, and title to the Property was transferred to Creditor. [Dkt. No. 43, Ex. 4].

Creditor filed its appearance in the bankruptcy on February 25, 2020. On February 26, 2020, Creditor filed the present Motion to Annul the Automatic Stay (the "Motion") seeking annulment of the automatic stay as it had no knowledge of Debtor's bankruptcy when it sought, received, and recorded a tax deed. In her Response, Debtor admits notice was not given to Creditor, but argues that she was not required to give direct notice to Creditor, and the lack of such direct notice is irrelevant as the automatic stay was imposed at the time of Creditor's actions regardless of whether it had knowledge or not of her bankruptcy.

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and

this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (G), and (L). As determinations of claim objections, plan objections, and motions to annul the automatic stay are core proceedings that only arise in a case under the Bankruptcy Code, without objection by the parties, constitutional authority exists to hear and determine these matters. *See Stern v. Marshall*, 564 U.S. 462 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015); *Richer v. Morehead*, 798 F.3d 487, 490 (7th Cir. 2015).

## DISCUSSION

Section 362(a)(3) of the Bankruptcy Code states that "a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or . . . exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "Orders issued in violation of the automatic stay provisions of the bankruptcy code . . . ordinarily are void." *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984). However, a bankruptcy court may grant relief from the automatic stay by "terminating, annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C. § 362(d). Bankruptcy courts have "wide latitude to grant relief from the automatic stay including the ability to retroactively annul the stay." *In re Syed*, 238 B.R. 133, 144 (Bankr. N.D. Ill. 1999).

Annulment asks the court to approve post-petition action which violated the automatic stay if "cause" exists. *In Re Szyszko*, 234 B.R. 408, 412 (Bankr. N.D. Ill. 1999). If the automatic stay is annulled as to a certain creditor, any actions the creditor took post-petition would not be wiped out. Rather, "[a]nnulment of the automatic stay grants retroactive relief to the movant, allowing the creditor for whose benefit the stay is annulled to proceed as if the bankruptcy had never been filed and the automatic stay [had] never been imposed." *In re Wilke*, No. 10 B 04976, 2010 WL 2034525, at *6 (Bankr. N.D. Ill. May 20, 2010) (Schmetterer, J.).

The Bankruptcy Code does not define "cause." Rather, "cause" is to be determined on a case-by-case basis. *Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). "But, generally, courts will find cause for an annulment of the automatic stay if doing so is consistent with the same equitable principles that guide bankruptcy proceedings at large." *AP Siding & Roofing Co. v. Bank of New York Mellon*, 548 B.R. 473, 479–80 (N.D. Ill. 2016). A bankruptcy court may consider equitable factors in the decision to annul, including whether the movant had

2

notice of the bankruptcy at the time of the violation and whether the movant would be unfairly prejudiced should the stay be enforced. *In re Will*, 303 B.R. 357, 368 (Bankr. N.D. Ill. 2003) (Cox, J.). A decision to annul the automatic stay is committed to the discretion of the bankruptcy court. *Matter of C & S Grain Co., Inc.*, 47 F.3d 233, 238 (7th Cir. 1995).

In this case, equitable considerations weigh in favor of annulling the automatic stay as to Creditor. Creditor was not given notice of Debtor's bankruptcy. Debtor did not list Creditor in her bankruptcy petition nor her schedules. As such, the bankruptcy clerk did not provide notice of the bankruptcy nor confirmation hearing to Creditor. Because Creditor had no knowledge of Debtor's bankruptcy, it did not act willfully in violating the automatic stay when it moved in State Court for a tax deed.

Debtor argues that she was not required to provide direct notice to Creditor anyway for the automatic stay to be imposed. True, "[t]he automatic stay is a self-executing provision of the Bankruptcy Code and begins to operate nationwide, without notice, once a debtor files a petition for relief." *In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) (Cox, J.). However, it is also "well-settled that a debtor who files for bankruptcy protection must give notice that is reasonably calculated under the totality of circumstances presented to apprise potential creditors of the pendency of the bankruptcy case." *Grand Pier Ctr. LLC v. ATC Grp. Servs., Inc.*, No. 03 C 7767, 2007 WL 2973829, at *4 (N.D. Ill. Oct. 9, 2007); *see also Swindle*, 584 B.R. at 264 ("Once a bankruptcy petition is filed, and the automatic stay goes into effect, the debtor has the burden of providing the creditor with actual notice of the bankruptcy."). The burden is on the debtor to ensure all creditors have been provided proper notice of its bankruptcy case. *In re Anderson*, 159 B.R. 830, 837 (Bankr. N.D. Ill. 1993). Because Debtor failed in its burden to provide Creditor proper notice, Creditor may thus seek exoneration, on equitable considerations, from its unknowing violation of the automatic stay.

Debtor next asserts, and has filed an affidavit thereto, that her failure to list Creditor is also excusable as she was not aware of Creditor up until February 22, 2020 (but rather thought the Cook County Clerk was the proper creditor for the unpaid property taxes). [Dkt. No. 57, Ex. 1]. But, the evidence does not support that claim; rather, the evidence suggests that Debtor had reason to know that Creditor existed.

For a tax purchaser to receive a tax deed, the Illinois statutory scheme sets certain requirements that a tax purchaser must follow. For example, the tax purchaser must provide proper

3

notice to parties in interest, and both petition the state court for a tax deed three to six months before the redemption period expires and apply for an order for a tax deed to be issued and record that tax deed within a year after the redemption period expires. 35 ILCS 200/22-10, 22-30, 22-40, 22-85.

Here, Creditor has filed various state court papers demonstrating that Creditor complied with all of the state statutory notice requirements to obtain its tax deed, including, *inter alia*: (1) the sending of various notices to the Property address in 2017 and 2019 notifying that Creditor purchased the delinquent property taxes; (2) publication service by newspaper on July 16-18 of 2019 that the period of redemption would expire on October 30, 2019; and (3) service on Debtor personally on July 21, 2019. [Dkt. No. 54, Ex. 4]. The State Court order directing the issuance of a tax deed stands as good evidence that the statutory requirements were met. Furthermore, counsel for Debtor represented that Debtor was aware that the delinquent taxes were sold. As such, the evidence suggests that Debtor had constructive knowledge, if not actual knowledge, of Creditor's existence.

Furthermore, as to the equitable consideration of unfair prejudice, Creditor undoubtedly would suffer unfair prejudice if the stay were to be enforced. Should be stay be imposed, all its efforts and expenses it has undertaken to obtain a tax deed would be void. Creditor would then also have a duty to undo its acts that violated the stay, even though it had no actual notice at the time of the violation. *See Matter of Hellums*, 772 F.2d 379 (7th Cir. 1985).

On these grounds, where Creditor had no notice of Debtor's bankruptcy and where it would suffer unfair prejudice should the automatic stay be imposed, the balance of equities swings in Creditor's favor. Accordingly, annulment of the stay is appropriate. As such, because the automatic stay is annulled as to Creditor, the State Court order directing the issuance of a tax deed is not void.

As a side note, a ruling in favor of annulling the stay in this case will not incentivize tax purchasers to ignore the filing of a bankruptcy and rush through to obtain a tax deed. "Courts are in agreement that allowing retroactive relief from the stay is the exception rather than the rule." *Will*, 303 B.R. at 368. Here, had Debtor notified Creditor of her bankruptcy, any action the Creditor would have taken thereafter would have been a willful violation of the automatic stay, and annulment would not have been appropriate. Or, had Creditor not suffered unfair prejudice, despite a lack of notice, the enforcement of the automatic stay would have been appropriate. The Court

4

finds it appropriate to remind counsel for Creditor that a lack of notice is not, in of itself, a panacea to every legal dispute or objection. There is no support for the argument that counsel for Creditor asserts that a lack of notice should, on its own, stand as appropriate cause to grant "consequences" to or as a sufficient basis to object to plan confirmation. [*See* Dkt. No. 80, at 4]. A lack of notice is but one equitable consideration. In this case, a weighing of equitable considerations weighs in its favor. The automatic stay will be annulled here.

Because the automatic stay will be annulled, the State Court order directing the issuance of a tax deed is not void. Therefore, the tax deed transferring the Property to Creditor free and clear stands. Because Debtor would then have no interest in the Property, the Property is not part of Debtor's bankruptcy estate and Creditor does not hold a claim against Debtor personally. *See* 11 U.S.C. § 541(a)(1); *Fowler v. Shadel*, 400 F.3d 1016, 1018 (7th Cir. 2005).

## CONCLUSION

For the foregoing reasons, separate orders will be entered concurrently herewith:

1. GRANTING Creditor's Motion to Annul the Automatic Stay, annulling the automatic stay retroactive to October 29, 2019 as to Creditor;
2. ORDERING Debtor to file any new proposed Chapter 13 plan within 14 days hereof as the Property is no longer part of the bankruptcy estate; and
3. DISALLOWING Creditor's Proof of Claim 3-1 as Creditor does not hold a claim against Debtor personally.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _____ day of July 2020